UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------X
Jamel Duncan,
                Plaintiff,
      -against-                                          **COMPLAINT**
                                                                **AND JURY DEMAND**

THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICERS:
ROBERT ALTIERI, TASHIDA WILSON, JAMES T. SIMPSON, and
OFFICERS JOHN AND JANE DOE #s 1 -10, the names being fictitious and
presently unknown, in their individual and official capacities as employees of
the City of New York Police Department,
                Defendants.
-----------------------------------------------------------------------------------------------X

      The Plaintiff, Jamel Duncan, by his attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988, the Fourth, Fifth, Eighth, Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York, New York City Police Department, and NYPD Police Officers Robert Altieri, Tashida Wilson, James T. Simpson and Officers J. Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff' federal claims.

## VENUE

3.    Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in Kings County, New York, within the confines of the Southern District of New York.

## PARTIES

4.    Plaintiff at all times relevant hereto resided in the City and State of New York.

5. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

10. That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## 16 AUGUST 2015 FACTUAL ALLEGATIONS

11. On 16 August 2015 at approximately 3 a.m. in the vicinity of Willett Avenue, Bronx, NY, plaintiff was approached by Defendants Wilson, Simpson, and additional New York City Police Officers who, without justification or cause, arrested plaintiff. Wilson, Simpson, and the other officers placed plaintiff's hands behind his back, handcuffed him, and searched him. They found no contraband yet took approximately $65 from plaintiff. Plaintiff was then placed in a police van and taken to a nearby precinct where Wilson,

Simpson, and other officers then searched plaintiff again, took his cellphone and keys, and placed him in a cell.

12. Plaintiff then spent hours in a cell, and was denied food, water, and phone calls.

13. Plaintiff was then taken to Central Booking where he spent approximately over 24 hours before he was arraigned.

14. Plaintiff remained in custody for approximately seven days before he was released.

15. Plaintiff returned to court approximately four times before all charges against him were dismissed under Bronx County Criminal Court Docket 2015BX038646. Plaintiff's money was never returned to him despite repeated requests.

16. At all relevant times, Defendants Wilson, Simpson, and other officers committed the false arrest of plaintiff; were personally involved in drafting the false arrest and false complaint against plaintiff; were personally involved in and are liable for plaintiff's false arrest and any loss of property, denial of proper treatment at the precinct including but not limited to food, phone calls; the actions of all of the defendant officers described in this complaint, and all other claims set forth below.

## 5 SEPTEMBER 2016 FACTUAL ALLEGATIONS

17. On 5 September 2016 at approximately 11:30 a.m. in the vicinity of White Plains Road and East 218th Street, Bronx, NY, plaintiff was sitting in his vehicle when he was approached by Defendant Altieri and additional New York City Police Officers who, without justification or cause, arrested plaintiff by instructing him to exit his vehicle after which they handcuffed him behind his back. Altieri and the other officers then searched plaintiff, found no contraband, yet placed plaintiff into a police vehicle, handcuffed, and drove him to a local police precinct where they processed him.

18. Plaintiff was then taken to Central Booking where he spent approximately over 12 hours incarcerated before he was arraigned and released on his own recognizance.

19. Plaintiff returned to court approximately eleven times before all charges against him were dismissed on 22 November 2017 under Bronx County Criminal Court Docket 2016BX038742.

20. At all relevant times, Defendants Altieri and other officers committed the false arrest of plaintiff; were personally involved in drafting the false arrest and false complaint against plaintiff; were personally involved in and are liable for plaintiff's false arrest and any loss of property, denial of proper treatment at the precinct including but not limited to food, phone calls; the actions of all of the defendant officers described in this complaint, and all other claims set forth below.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

21. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

22. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

23. Defendants have deprived Plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

24. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

25. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

26. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

27. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

28. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

29. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

30. Defendant CITY OF NEW YORK has damaged Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

31. Defendants subjected Plaintiff to false arrest and false imprisonment, cruel and unusual punishment, unlawful conditions of confinement, negligence, denial of proper medical care, defamation, libel and slander, and all bad actions listed above.

32. Separate and apart from any bad acts, defendant CITY OF NEW YORK has damaged plaintiffs by its failure to adequately supervise and train its employees, agents or servants in the administration, supervision, and treatment of plaintiff's medical needs. Defendants knew or should have known how to provide medical aid for plaintiff, whether personally or by a standard procedure for ensuring that plaintiff received medical aid.

33. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**THIRD CAUSE OF ACTION**
(FOURTH AMENDMENT)

34. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

35. Defendants illegally arrested Plaintiff subjecting him to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, and desecration of remains, without probable cause.

36. As a result of the foregoing, Plaintiff has been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

37. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

38. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

39. Defendants illegally arrested Plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

40. As a result of the foregoing, Plaintiff has been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

41. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(DUE PROCESS VIOLATION)
(EXCESSIVE FORCE)

42. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

43. The Court has pendant jurisdiction of the portion of this claim falling under state law.

44.     Defendants unnecessarily and wantonly inflicted pain on plaintiff maliciously or sadistically to cause harm. As outlined above, defendants, among other bad acts, falsely accused plaintiff, exhibited signs of racial profiling and racial animosity, built up his fear and anxiety without cause or justification, subjected plaintiff to unnecessary pain and suffering, subjected plaintiff to the fear of physical violence while in custody.

45.     As a result of the foregoing, defendants intentionally put Plaintiff in fear and fright of imminent physical harm and plaintiff suffered pain unnecessarily.

46.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars.

## SIXTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

47.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

48.     Defendants caused a false accusatory instrument to be filed against Plaintiff.

49.     The criminal instrument was dismissed and the criminal proceedings favorably terminated.

50.     Defendants have deprived Plaintiff of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

51.     Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## SEVENTH CAUSE OF ACTION
(DUE PROCESS VIOLATION)
(CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

52.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

53.     Plaintiff was denied food, water, and phone calls at the precinct.

54.     Plaintiff suffered from the lack of food and water and defendants did not care about his welfare.

55.     Defendants handcuffed plaintiff forcibly too tightly, injuring him, without justification or cause.

56. Defendants subjected plaintiff to the fear of physical violence while in custody by placing him inside a holding cell where he was detained against his will.

57. As a result of defendants' conduct, Plaintiff suffered injuries.

58. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny food and water to individuals who are arrested.

59. Plaintiff was denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to unconstitutional harassment and discrimination.

## EIGHTH CAUSE OF ACUTION
(DENIAL of a FAIR TRIAL)

60. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

61. Defendants' misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because he was required to appear in court after the misrepresentations were made.

62. Thus defendants are liable to plaintiff under the Sixth Amendment for denying a fair trial.

63. As a result, plaintiff suffered the injuries as set forth within this complaint.

## NINTH CAUSE OF ACTION
(CRUEL and UNUSUAL PUNISHMENT)

64. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

65. Plaintiff's physical condition suffered as a result of defendants' actions and conduct, and plaintiff unnecessarily suffered cruel and unusual punishment.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  15 AUGUST 2018
         New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff