UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JAMEL DUNCAN,

                                               Plaintiffs,

                           -against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
OFFICERS: ROBERT ALTIERI, TASHIDA WILSON,
JAMES T. SIMPSON, and OFFICERS JOHN AND JANE
DOE #s 1-10, the names being fictitious and presently
unknown, in their individual and official capacities as
employees of the City of New York Police Department,

                                   Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK, ROBERT ALTIERI, TASHIDA WILSON, AND JAMES SIMPSON**

18 CV 7381 (PAE)

Jury Trial Demanded

        Defendants City of New York ("City"), Detective Robert Altieri, Detective Tashida Wilson, and Detective James Simpson ("defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and seek relief as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and that it maintains a police department.  Defendants respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that on or about August 16, 2015 Tashida Wilson and James Simpson were employed by the City of New York as police officers, and on or about September 5, 2016 Robert Altieri was employed by the City of New York as a police officer.

8.     Deny the allegations set forth in paragraph "8" of the complaint, and further state that the allegations concerning whether the defendants were "acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York" is a legal conclusion to which no response is required.

9.     Deny the allegations as set forth in paragraph "9" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

10.     Deny the allegations as set forth in paragraph "10" of the complaint.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that on or about August 16, 2015 plaintiff was lawfully arrested, and pursuant to plaintiff's lawful arrest he was transported to the 47th Precinct.

- 2 -

12.     Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint, except admit that pursuant to plaintiff's lawful arrest he was transported to Central Booking.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint, except admit that on or about September 5, 2016 plaintiff was lawfully arrested, and pursuant to plaintiff's lawful arrest he was transported to the 47th Precinct.

18.     Deny the allegations set forth in paragraph "18" of the complaint, except admit that pursuant to plaintiff's lawful arrest he was transported to Central Booking.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

65.     Deny the allegations set forth in paragraph "65" of the complaint.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## FIRST AFFIRMATIVE DEFENSE:

66.     The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

67.     There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## THIRD AFFIRMATIVE DEFENSE:

68.     There was probable cause for plaintiff's arrests, detentions, and prosecutions.

## FOURTH AFFIRMATIVE DEFENSE:

69.     Defendants City, Robert Altieri, Tashida Wilson, and James Simpson have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## FIFTH AFFIRMATIVE DEFENSE:

70.     Defendants Robert Altieri, Tashida Wilson, and James Simpson have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE:

106.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City, Robert Altieri, Tashida Wilson, or James Simpson.

## SEVENTH AFFIRMATIVE DEFENSE:

71.     Plaintiff provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

72.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## NINTH AFFIRMATIVE DEFENSE:

73.    At all times relevant to the acts alleged in the complaint, defendants Robert Altieri, Tashida Wilson, and James Simpson acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on any state law claims.

## TENTH AFFIRMATIVE DEFENSE:

74.    To the extent any force was used, such force was reasonable, necessary, and justified.

## ELEVENTH AFFIRMATIVE DEFENSE:

75.    Punitive damages cannot be assessed against defendant City of New York.

## TWELFTH AFFIRMATIVE DEFENSE:

76.    Plaintiff has failed to mitigate his alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE:

77.    Plaintiff has failed to state a viable Monell claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

## FOURTEENTH AFFIRMATIVE DEFENSE:

78.    To the extent plaintiff brings any state law claims, he failed to comply with New York General Municipal Law §§ 50(e), et. seq. and the applicable statute of limitations.

\

- 8 -

**WHEREFORE**, defendants The City of New York, Robert Altieri, Tashida Wilson, and James Simpson request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        January 22, 2019

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants*
*City of New York, Robert Altieri,*
*Tashida Wilson, and James Simpson*
100 Church Street, Rm. 3-207
New York, New York 10007
(212) 356-2469
ddrasser@law.nyc.gov


By:        /s/
Danielle M. Drasser
Special Federal Litigation Division


cc:     **BY ECF**
        Gregory Zenon, Esq.
        *Attorney for Plaintiff*
        30 Wall Street, 8th Floor
        New York, NY 10005

- 9 -

Docket No. 18 CV 7381 (PAE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JAMEL DUNCAN,<br><br>                                                    Plaintiff,<br><br>                             -against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY POLICE OFFICERS: ROBERT ALTIERI, TASHIDA WILSON, JAMES T. SIMPSON, and OFFICERS JOHN AND JANE DOE #s 1-10, the names being fictitious and presently unknown, in their individual and official capacities as employees of the City of New York Police Department,<br><br>                                        Defendants. |
| **ANSWER TO THE COMPLAINT ON BEHALF OF THE CITY OF NEW YORK,  ROBERT ALTIERI, TASHIDA WILSON, AND JAMES SIMPSON** |
| **ZACHARY W. CARTER**<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City of New York,  Robert Altieri, Tashida Wilson, and James Simpson*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>Of Counsel: Danielle M. Drasser<br>Tel: (212) 356-2469 |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York. ..........................................., 2018*<br><br>............................................................................ *Esq.*<br><br>*Attorney for.......................................................................* |